**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8734**

------------------------------------X
DAPHNE ROSEWELT,

                Plaintiff,      07 Civ.

    - against -                **COMPLAINT AND JURY TRIAL DEMAND**

NEW CINGULAR WIRELESS SERVICES, INC.
(f/k/a AT&T WIRELESS SERVICES, INC.),

                Defendant.
------------------------------------X

    Plaintiff, Daphne Rosewelt, by her attorney, Robert J. Barsch, Esq., as and for her Complaint against the defendant, New Cingular Wireless Services, Inc., f/k/a AT&T Wireless Services, Inc., respectfully sets forth as follows:

### NATURE OF THE ACTION

    1.    This is a civil action for declaratory relief, injunctive relief, back pay, compensatory and punitive damages and other relief for discrimination in employment to redress discrimination in the terms and conditions of employment arising out of defendant's discrimination against plaintiff on the basis of age and disability.

### JURISDICTION AND VENUE

    2.    Jurisdiction is specifically conferred upon this United States District Court by 28 U.S.C. §§ 1332 in that the controversy involves citizens of different states, to wit, New York and Delaware, and the amount in controversy exceeds the sum of $75,000.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

3. Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that the employment practices hereafter alleged to be unlawful were and now are being committed in the Southern District of New York, and defendant may be found in the Southern District of New York.

## PARTIES

4. Plaintiff, Daphne Rosewelt, is a citizen of the United States and resides within the City of Mount Vernon in the State of York, and was an employee of the defendant Cingular Wireless Services, Inc., f/k/a AT&T Wireless Services, Inc. (hereinafter "Cingular") from approximately 1995 until October, 2004, when plaintiff received notice that her employment was terminated.

5. Upon information and belief, at all relevant times, defendant Cingular has been and is now a corporation created by and existingn under the laws of the State of Delaware, and maintains its principal office at 5565 Glenridge Connector, Atlanta, Georgia 30342.

6. At all times material hereto, defendant Cingular was engaged in an industry affecting commerce.

## FACTUAL ALLEGATIONS

7.  In or about 1995, plaintiff became employed by defendant Cingular.

8.  Plaintiff is over the age of 40 years, and had been diagnosed as having sickle cell anemia during the course of her employment.

9.  Plaintiff advised defendant that she had sickle cell anemia during the course of her employment and defendant refused to reasonably accommodate plaintiff's condition.

10. On or about October 9, 2004, plaintiff was terminated.

11. Throughout the period of her employment with defendant Cingular, plaintiff performed her responsibilities in a professional manner required and, but for defendant's discrimination against plaintiff, plaintiff would have enjoyed a long and successful career with the defendant Cingular.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

12. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "11" of this complaint with the same force and effect as if fully set forth herein.

13. The New York State Executive Law under Article 15, Section 296, makes it unlawful to discriminate against an employee in the terms, conditions or privileges of employment on

the basis of age.

14. The New York State Executive Law makes it unlawful for a person to violate any provision of the Executive Law or to aid, abet, incite, compel or coerce the doing of any of the forbidden acts, or to attempt to do so.

15. Throughout the course of plaintiff's employment with defendant Cingular, defendant Cingular subjected plaintiff to discriminatory treatment because of her age.

16. Defendant Cingular wrongfully discriminated against plaintiff by terminating her from her position based on her age in violation of the New York State Executive Law.

17. As a direct and proximate cause of all acts of age discrimination by defendant Cingular, plaintiff suffered damages consisting of the loss of salary and other compensation, and injuries from embarrassment, humiliation and anxiety, in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000). Plaintiff is also entitled to recover attorney's fees, costs and expenses.

18. Defendant Cingular's actions were malicious, oppressive, wanton, and heedlessly in disregard of plaintiff's rights.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

19.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" of this complaint with the same force and effect as if fully set forth herein.

20.     The New York State Executive Law under Article 15, Section 296, makes it unlawful to discriminate against an employee in the terms, conditions or privileges of employment on the basis of a disability.

21.     The New York State Executive Law makes it unlawful for a person to violate any provision of the Executive Law or to aid, abet, incite, compel or coerce the doing of any of the forbidden acts, or to attempt to do so.

22.     Throughout the course of plaintiff's employment with defendant Cingular, defendant Cingular subjected plaintiff to discriminatory treatment because of her disability.

23.     Defendant Cingular wrongfully discriminated against plaintiff by terminating her from her position based on her disability in violation of the New York State Executive Law.

24.     As a direct and proximate cause of all acts of disability discrimination by defendant Cingular, plaintiff suffered damages consisting of the loss of salary and other compensation, and injuries from embarrassment, humiliation and anxiety, in an amount estimated to be at least Two Hundred

Thousand Dollars ($200,000). Plaintiff is also entitled to recover attorney's fees, costs and expenses.

25. Defendant Cingular's actions were malicious, oppressive, wanton, and heedlessly in disregard of plaintiff's rights.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant Cingular as follows:

a. in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000) on the First Cause of Action, including a declaration that defendant's actions and conduct engaged in to be in violation of plaintiff's rights; enjoining defendant from engaging in such conduct; ordering the payment of salary and benefits from the period of plaintiff's termination of employment until the time of judgment retirement; and awarding the plaintiff back salary and fringe benefits or front salary and benefits accrual; awarding the plaintiff the equitable relief of reinstatement to her position; awarding the plaintiff all damages to which she is entitled, including but not limited to compensatory damages, punitive damages and statutory liquidated damages; and awarding the plaintiff attorney's fees, costs and expenses;

b. in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000) on the Second Cause of Action, including a declaration that defendant's actions and conduct

engaged in to be in violation of plaintiff's rights; enjoining defendant from engaging in such conduct; ordering the payment of salary and benefits from the period of plaintiff's termination of employment until the time of judgment retirement; and awarding the plaintiff back salary and fringe benefits or front salary and benefits accrual; awarding the plaintiff the equitable relief of reinstatement to her position; awarding the plaintiff all damages to which she is entitled, including but not limited to compensatory damages, punitive damages and statutory liquidated damages; and awarding the plaintiff attorney's fees, costs and expenses; and

    c.    granting plaintiff such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
            October 8, 2007

Respectfully submitted,

_____
Robert J. Barsch, Esq.
(RB 1612)
Attorney for Plaintiff
60 East 42nd Street
Suite 2501
New York, NY 10165
(212) 986-2251

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands trial by jury on all issues herein.

Dated: New York, New York
       October 8, 2007

                                        Yours, etc.,

                                        *[signature]*
                                        Robert J. Barsch, Esq.
                                        RB 1612
                                        Attorney for Plaintiff
                                        60 East 42nd Street
                                        Suite 2501
                                        New York, NY 10165
                                        (212) 986-2251