**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| DAPHNE ROSEWELT, | Civil Action No. 07 Civ 8734 |
| *Plaintiff,* | ANSWER WITH <u>AFFIRMATIVE DEFENSES</u> |
| vs. | |
| NEW CINGULAR WIRELESS SERVICES, INC. (f/k/a AT&T WIRELESS SERVICES, INC.) *Defendant*. | |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

      Defendant, New Cingular Wireless Services, Inc. (f/k/a/ AT&T Wireless Services, Inc.) (collectively "Defendant" unless otherwise designated herein) by and through its attorneys, Herten, Burstein, Sheridan, Cevasco, Bottinelli, Litt & Harz, LLC, answers Plaintiff's Complaint, with Affirmative Defenses as follows:

## NATURE OF THE ACTION

    1.    This paragraph contains conclusions of law to which no response is required. To the extent the allegations are deemed factual, Plaintiff's characterization of the Complaint is specifically denied. It is further denied that Defendant engaged in any unlawful employment practices or that Plaintiff's termination had anything to do with her age or alleged disability.

## JURISDICTION AND VENUE

    2.    The allegations in this paragraph are denied as conclusions of law to which no response is required.

    3.    The allegations in this paragraph are denied as conclusions of law to which no response is required.

## PARTIES

    4.    Admitted in part, denied in part. It is admitted only that Plaintiff, Daphne

Rosewelt, worked for Defendant AT&T Wireless Services, Inc. from August 1995 until October 2004. Plaintiff has improperly identified the Defendant in this paragraph as Cingular Wireless Services, Inc. instead of New Cingular Wireless Services, Inc. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff is currently residing in Mount Vernon, New York and therefore, same is denied. The remaining allegations in this paragraph are denied.

5. Admitted in part, denied in part. It is admitted that Defendant New Cingular Wireless Services, Inc. is a Delaware company which maintains a main office for its mobility group in Atlanta, Georgia.

6. The allegations in this paragraph are denied as conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

7. It is admitted that Plaintiff became employed by Defendant AT&T Wireless Services, Inc. in or about August 1995.

8. Admitted in part, denied in part. Upon reasonable investigation, it is admitted that Plaintiff is over 40 years of age. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff was diagnosed with sickle cell anemia during the course of her employment and therefore same is denied.

9. Denied.

10. Admitted.

11. Denied.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

12. The foregoing responding allegations are incorporated herein as though set forth at length.

13. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

14. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

15. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

16. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

17. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

18. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

19. The foregoing responding allegations are incorporated herein as though set forth at length.

20. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

21. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

22. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

23. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

24. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

25. Denied as a conclusion of law to which no response is required. To the extent the allegations are deemed factual, they are specifically denied.

WHEREFORE, the foregoing responding averments are incorporated herein as though set forth at length. By way of additional answer, it is denied that Plaintiff is entitled to the relief requested in paragraphs a-c set forth in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state any claim upon which relief may granted.

### Second Affirmative Defense

Plaintiff's Complaint should be dismissed based on equitable doctrines, including the doctrines of estoppel, laches, waiver and unclean hands.

### Third Affirmative Defense

Plaintiff was not discriminated against on the basis of her age, alleged disability, or any other unlawful reason, in violation of the New York State Executive Law under Article 15 Section 296 or any other state or federal employment-related statute.

### Fourth Affirmative Defense

Plaintiff was not disabled, as that term is defined under New York State Executive Law

under Article 15 Section 296 or any other state or federal employment-related statute.

### Fifth Affirmative Defense

Plaintiff's claims are barred because she has failed to exhaust her administrative remedies.

### Sixth Affirmative Defense

All decisions concerning Plaintiff's termination were based on legitimate and non-discriminatory business reasons, entirely unrelated to her age or alleged disability.

### Seventh Affirmative Defense

Plaintiff was not subjected to unlawful disparate treatment.

### Eighth Affirmative Defense

Plaintiff's alleged injuries and harms were caused, in whole or in part, by Plaintiff's own actions.

### Ninth Affirmative Defense

Plaintiff has failed to mitigate her damages, if any.

### Tenth Affirmative Defense

Plaintiff did not request any reasonable accommodations.

### Eleventh Affirmative Defense

Defendant's conduct, all of which is denied herein, was not malicious, oppressive, wanton, or heedlessly in disregard of Plaintiff's rights and, therefore, does not rise to the level of or support punitive damages.

## Twelfth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

## Thirteenth Affirmative Defense

Defendant reserves the right to amend this Answer and to assert any other affirmative defenses available to it at any time in the future.

WHEREFORE, having fully answered, Defendant New Cingular Wireless Services, Inc. f/k/a AT&T Wireless Services, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

Herten Burstein Sheridan Cevasco
Bottinelli Litt & Harz LLC
       /s/Daniel Y. Gielchinsky
By: Daniel Y. Gielchinsky, Esq.
Court Plaza South
21 Main Street
Hackensack, NJ  07601-7032
(201) 342-6000

747 Third Avenue
37th Floor
New York, New York 10017
(212) 363-1380
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this March 11, 2008, a true and correct copy of the foregoing Answer With Affirmative Defenses was filed with the Clerk of the Court and served electronically and in accordance with the Local Rules of the United States District Court, Southern District of New York upon:

>Robert J. Barsch, Esq.
>60 East 42nd Street, Suite 2501
>New York, NY  10165

>/s/Daniel Y. Gielchinsky
>By:    Daniel Y. Gielchinsky

March 11, 2008